# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES DEPARTMENT OF AGRICULTURE (FARM SERVICE AGENCY),**

    **Plaintiff,**
    v.

**JORGE CAMACHO-ARROYO, et al.,**

    **Defendants.**

**Civil No. 14-1092 (ADC)**

## OPINION AND ORDER

On January 30, 2014, plaintiff filed a mortgage-foreclosure verified complaint against Jorge Camacho-Arroyo, his wife, Carmen Lydia Rivera-Delgado, and the Conjugal Partnership formed between them ("Camacho-Rivera"), and Empresas Terrassa, Inc. ("Empresa Terrassa") as a party with interest (collectively referred to as "defendants"). **ECF No. 1**. Plaintiff moved the Court for summary judgment, **ECF Nos. 60, 62**, and submitted statements of uncontested facts, **ECF Nos. 32, 58, 67**. Defendants have not opposed. After considering Plaintiff's statement of uncontested facts and the record before the Court, the Court **GRANTS** Plaintiff's unopposed motion for summary judgment, at **ECF Nos. 32, 60, 62.** Plaintiff's motion at **ECF No. 66** is **NOTED.** Plaintiff's motion for leave to file unofficial translation at **ECF No. 67** is **GRANTED.**

For the following reasons, the Court **GRANTS** the unopposed motion for summary judgment.

I.  **Undisputed Facts**

1. Plaintiff, through the Farm Service Agency, an agency of the United States of America organized and existing under the provisions of the Consolidated Farm and Farm Service Agency Act, 7 U.S.C. §1921 et seq., is the owner and holder of three (3) notes in the principal amounts of $54,200 ("first note"), $66,000 ("second note"), and $11,500 ("third note") executed by Camacho-Rivera. **ECF Nos. 58-3, 58-5, 58-7, 67-1, 67-3, 67-5**. The notes are secured by voluntary mortgages executed by Camacho-Rivera which encumber the properties described further below. **ECF Nos. 58-4, 58-6, 58-8, 67-2, 67-4, 67-6.**

2. To secure the payment of the first note, a mortgage was constituted by Camacho-Rivera in the amount of $54,200 with interest rate at 5% per annum by the Mortgage Deed Number 162 dated October 6, 1975, executed before Notary Public José Rafael Santos Cruz ("first mortgage"). **ECF Nos. 1** at 1, **17** at 2.

3. To secure the payment of the second note, a mortgage was constituted by Camacho-Rivera in the amount of $66,000 with interest at the rate of 10% per annum by the Mortgage Deed number 95 executed on June 26, 1980, before Notary Public José Rafael Santos Cruz ("second mortgage"). **ECF Nos. 1** at 1, **17** at 2.

4. To secure the payment of the third note, a mortgage was constituted by Camacho-Rivera in the amount of $11,500 with interest at the rate of 10% per annum by Mortgage Deed Number 93 executed on June 26, 1980, before Notary Public José Rafael Santos Cruz ("third mortgage"). **ECF No. 58-8, 67-4.**

5.  The following properties are encumbered by the mortgages:

    **Property 6,181-A:**

    RUSTICA: Parcela de terreno radicado en el Barrio Calabazas de Yabucoa, compuesto de 125.65 cuerdas, colindante por el NORTE, con la comunidad playita de Programas Sociales; por el ESTE, con Ramón Rivera y José L. Berríos; por el SUR, con la carretera de Yabucoa a Maunabo y Eugenio Rivera y por el OESTE, con la Sucesión de Esteban Colón y F. Mariano Colón.
    Property Number 6,181-A, is recorded at page 100 of volume 138 of Yabucoa, Property Registry of Humacao. **ECF Nos. 58-9.**

    **Property 6,179:**

    Parcela de terreno radicado en el Barrio Calabazas de Yabucoa, compuesta de dos cuerdas con cincuenta y cuatro centavos y nueve diez milésimas de centavo de cuerda, equivalentes a diez mil cero cero tres punto veinticinco metros cuadrados (10,003.25 m.c.). En lindes, por el NORTE, con parcela "B" que habrá de dedicarse a uso público; por el SUR, con la carretera ciento ochenta y dos (182) que conduce de San Lorenzo a Yabucoa; por el ESTE, con la misma parcela marcada letra "B" dedicada a uso público; y por el OESTE, con la misma parcela "B" que habrá de dedicarse a uso público.
    Property Number 6,179, is recorded at page 90 of volume 138 of Yabucoa, Property Registry of Humacao. **ECF No. 58-10.**

    **Property 11,450:**

    Parcela marcada con el número 13 en el plano de parcelación de la comunidad rural Rosa Sánchez del barrio Calabazas del término municipal de Yabucoa con una cabida superficial de cero cuerdas con tres mil doscientos veintiocho diez milésimas de otra equivalentes a mil doscientos sesenta y ocho punto ochenta y un metros cuadrados. En lindes: por el NORTE, con la parcela #12 de la comunidad; por el SUR, con la carretera estatal #182; por el eSTE, con la calle #1 de la comunidad; y por el OESTE, con la propiedad del señor Eduardo Camacho.
    Property Number 11,450, is recorded at page 210 of volume 175 of Yabucoa, Property Registry of Humacao. **ECF No. 58-11.**

6. Property 6,181-A is encumbered by: the first mortgage which is recorded at overleaf of page 101, of volume 138 of Yabucoa, 3rd inscription, the second mortgage which is recorded at page 250, of volume 175 of Yabucoa, 7th inscription, and the third mortgage which is recorded at page 251, of volume 175 of Yabucoa, 9th inscription. **ECF No. 58-9.**

7. Property 6,179 is encumbered by: the second mortgage which is recorded at page 94, of volume 138 of Yabucoa, 7th inscription, and the third mortgage which is recorded at page 245, of volume 175 of Yabucoa, 9th inscription. **ECF No. 58-10.**

8. Property 11,450 is encumbered by: the second mortgage which is recorded at page 211, of volume 175 of Yabucoa, 3rd inscription, and the third mortgage which is recorded at page 212, of volume 175 of Yabucoa, 5th inscription. **ECF No. 58-11.**

9. Camacho-Rivera are currently the owners of Property 11,450. **ECF Nos. 58-9, 58-10, 58-11**.

10. Empresa Terrassa is the current owner of Properties 6,181-A and 6,179 which it acquired by public sale. **ECF Nos. 58-9, 58-10, 58-11**.

11. As evidenced by the notes and mortgages, Camacho-Rivera explicitly agreed that default in the payment of any part of the covenant, agreement, or notes therein will authorize the Farm Service Agency, and/or the USDA, as payee of said notes, to declare due and payable the total amount of the indebtedness evidenced by the notes and proceed with the execution and/or foreclosure of the mortgages. **ECF No. 58-13**.

12. Camacho-Rivera defaulted under the notes. **ECF No. 58-13**.

13. Despite plaintiff's multiple efforts, Camacho-Rivera did not cure their default under the notes. **ECF Nos. 58-13** at 5, **58-14.**

14. Camacho-Rivera owe plaintiff:

    a. Under the first note, $53,672.62 of aggregated principal; $90,979.53 interest accrued as of October 12, 2018 and thereafter until its full and total payment, which interest amount increases at the daily rate of $7.3524; plus insurance premiums, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation. **ECF No. 58-13** at 4-5.

    b. Under the second note, $66,000 of aggregated principal; $241,371.30 of interest accrued as of October 12, 2018 and thereafter until its full and total payment, which interest amount increases at the daily rate of $18.0822; plus insurance premiums, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation. **ECF No. 58-13** at 5.

    c. Under the third note, $12,788 of aggregated principal; $32,016.76 interest accrued as of October 12, 2018 and thereafter until its full and total payment, which interest amount increases at the daily rate of $3.5038; plus insurance premiums, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation. **ECF No. 58-13** at 5.

15. Camacho-Rivera's debt with plaintiff is due and payable and, as described above, secured by the mortgages. **ECF No. 58-13.**

## II.     Legal Standard

A party is entitled to summary judgment "when there is no genuine issue of any material fact on the record and that party is entitled to judgment as a matter of law." *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 83 (1st Cir. 2016) (citations omitted); *see* Fed. R. Civ. P. 56(a). "An issue is genuine if it can be resolved in favor of either party, and a fact is material if it has the potential of affecting the outcome of the case." *Xiaoyan Tang v. Citizens Bank, N.A.*, 821 F.3d 206, 215 (1st Cir. 2016) (citation and internal quotation marks omitted). Although the Court states the facts in the light most favorable to the party against whom summary judgment is entered, *id.*, the Court is still required "to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed," *Adria Int'l Grp., Inc. v. Ferré Dev., Inc.*, 241 F.3d 103, 107 (1st Cir. 2001) (citation omitted).

In order to defeat a properly supported motion for summary judgment, the non-moving party must set forth facts showing that there is a genuine dispute for trial. *Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011). "When a non-moving party fails to file a timely opposition to an adversary's motion for summary judgment, the court may consider the summary judgment motion unopposed, and take as uncontested all evidence presented with that motion." *Pérez-Cordero v. Wal-Mart Puerto Rico*, 440 F.3d 531, 533–34 (1st Cir. 2006). The Court must still scrutinize the summary judgment motion under the terms of Federal

Rule of Civil Procedure but, "[i]n most cases, a party's failure to oppose summary judgment is fatal to its case." *Id.* at 534.

III. **Analysis**

"A person receiving money or any other perishable thing on loan acquires its ownership, and is bound to return to the creditor an equal amount of the same kind and quality." P.R. Laws Ann. tit. 31, § 4571. Likewise, "[o]bligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." *Id*. at § 2994.

In light of the statement of uncontested facts, **ECF Nos. 32, 58, 67**, and the record before the Court—which includes the three notes at issue, **ECF Nos. 67-1, 67-3, 67-4**, the three voluntary mortgages at issue, **ECF Nos. 67-2, 58-6, 58-8,** three title searches, **ECF Nos. 58-9, 58-10, 58-11**; a sworn statement of debt, **ECF No. 58-13**; and defendants' answers to the complaint admitting certain material facts at issue,—the Court finds that there is no genuine dispute as to any material fact. Based on the language in the notes about plaintiff's rights in event of defendants' default, plaintiff, as payee of said notes, may declare due and payable the total amount of indebtedness evidenced by said notes, and proceed with the execution and/or foreclosure of the mortgages upon defendants' default. Defendants have breached the terms of the three notes and failed to cure any such default. Thus, plaintiff is entitled to judgment as the payee of the defaulted-upon notes, secured by the mortgages.

## IV. Conclusion

Plaintiff's unopposed motion for summary judgment at **ECF Nos**. **32**, **60, 62** are **GRANTED**. Plaintiff's filing at **ECF No. 66** is **NOTED.** Plaintiff's motion for leave to file uncertified translations, at **ECF No. 67**, which contain minor revisions and corrections of clerical errors, is **GRANTED**. Plaintiff is hereby granted 45 days to procure and submit the official certified versions of the translations attached as **ECF Nos. 67-1, 67-2, 67-3, 67-4, 67-5, 67-6**.

Judgment is to be entered against defendants accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of September 2019.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**